BERNAL ESTATE, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN,
RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Refusing to Record the Cancelation of a Mortgage.

### No. 529.—Decided May 23, 1922.

ATTORNEY IN FACT—POWERS—CANCELATION OF MORTGAGE.—In this case a power of attorney, immediately after a clause authorizing the attorney in fact to make leases, contained the following authorization: ''To ratify existing contracts and rescind and cancel those that should be canceled.'' *Held:* That the words quoted clearly refer to lease contracts and cannot be construed as conferring power to cancel mortgages, a power which must be expressly conferred. It is true that the attorney in fact is also empowered to purchase real property, but this does not justify the presumption that he was empowered to cancel mortgages, which being an act of alienation is different from that of purchasing, especially when he was not even empowered to alienate real property.

The facts are stated in the opinion.

*Mr. F. Manuel Toro* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

William L. Lowry, as attorney in fact of the partnership Bernal Estate, executed a deed of cancelation of a mortgage created in favor of his principal, but the registrar of property refused to record the cancelation in the registry on the ground that the attorney in fact was not expressly empowered by his principal to make the said cancelation. From that decision the present appeal was taken and this court is asked to order the registrar to cancel the mortgage.

The powers conferred upon the attorney in fact in this case are as follows:

''To make contracts of lease and sublease of rural and urban properties for six years or more and to extend them at such rates and under such other conditions as he may think proper. To assign the said contracts of lease or sublease and their extensions, if any, to whom he may deem advisable, whether they were made in favor of the Bernal Estate prior to the date of this power or may be made hereafter. To make contracts assigning the possession and usufruct

of the properties leased to his principal. To make advances and loans in connection with the contracts of lease, sublease or extensions made or that may be made in favor of the principal. To ratify existing contracts and rescind and cancel those that should be canceled. To make these transactions under such conditions as he may see fit, executing such deeds and other documents as may be necessary, for all of which the said Bernal Estate confers upon him the fullest authority without any limitation whatever. To enter into contracts for the purchase and sale of lands or property rights within the Island of Porto Rico. To accept and sign private contracts, deeds of purchase and sale and mortgages and such other documents as may be necessary. To impose or admit such servitudes as he may deem advisable. To take physical or figurative possession of what the said partnership may in any manner acquire, instituting, if necessary, such dominion title, administrative or judicial proceedings as may be proper and executing all acts that may legally be necessary for the discharge of this agency, the principal considering as existing and valid every act that its said agent or those to whom he may delegate his power may execute by virtue of such agency and granting him, likewise, full power to represent the principal in every matter connected with the irrigation system established in the Island of Porto Rico.''

We have repeatedly held that the cancelation of a mortgage is an act of alienation and that for that reason, in accordance with section 1615 of the Civil Code, an attorney in fact must have express power in order to cancel a mortgage. *Baquero* v. *Registrar,* 22 P. R. R. 22; *Santini* v. *Registrar of Caguas,* 23 P. R. R. 305; *Gómez* v. *Registrar of Guayama,* 26 P. R. R. 223; *Loubriel* v. *Registrar of San Juan,* 26 P. R. R. 662. And although in this case it does not appear that the attorney in fact was expressly empowered to cancel mortgages, yet the appellant contends that if the powers granted in the power of attorney are considered as a whole it will appear clearly that express power is given not only to cancel the contracts existing at the time of the execution of the power of attorney, but also to sell and mortgage real property and execute the necessary public

instruments; that the powers granted must be taken as a whole, and that it is a logical inference that one who has power to sell real property should also have power to cancel mortgages existing on it.

In several instances we have held that a power of attorney must be construed restrictively. *López Landrón* v. *Registrar,* 15 P. R. R. 703; *Post et al.* v. *Registrar,* 19 P. R. R. 180; *Baquero* v. *Registrar, supra; Fano* v. *Registrar,* 15 P. R. R. 313; *Successors of Andreu & Co. Ltd.* v. *Registrar,* 20 P. R. R. 396; *Fernández* v. *Registrar of San Juan,* 27 P. R. R. 779. But even considering the powers conferred in this case as a whole, as suggested by the appellant, we can not hold that the attorney in fact was empowered to cancel mortgages, for although the words "and cancel those that should be canceled" were used, yet those words, placed after a reference to lease contracts in a paragraph the whole of which reads "to ratify existing contracts and rescind and cancel those that should be canceled," clearly refer to lease contracts and can not be construed as conferring power to cancel mortgages, a power which must be expressly conferred. It is true that the attorney in fact is also empowered to purchase real property, but that does not justify the presumption that he is empowered to cancel mortgages, which being an act of alienation is distinct from that of purchasing, especially when he is not even empowered to alienate real property.

The decision appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.